In re Petition for DISCIPLINARY AC-TION AGAINST David G. DeSMIDT, a Minnesota Attorney, Registration No. 139749.

No. A10–545.

Supreme Court of Minnesota.

May 27, 2010.

## ORDER

On March 22, 2010, the Director of the Office of Lawyers Professional Responsibility filed a petition for disciplinary action alleging that respondent David G. DeSmidt committed professional misconduct warranting public discipline, namely, failing to deposit into a trust account advance fee payments received pursuant to oral agreements in two client matters, failing to keep both clients reasonably informed about the status of their matters, and failing to comply with reasonable requests for information from both clients. In addition, respondent abandoned the appeal of one client to the Minnesota Court of Appeals by deliberately failing to file a brief, made a series of misrepresentations to the client regarding the appeal, and failed to give the client reasonable notice of his decision not to pursue the appeal. Respondent's conduct violated Rules 1.3, 1.4, 1.5(a) and (b), 1.15(c)(5), 1.16(d), 4.1, and 8.4(c) and (d) of the Minnesota Rules of Professional Conduct.

Respondent waives his procedural rights under Rule 14, Rules on Lawyers Professional Responsibility (RLPR), withdraws his previously filed answer, and with the Director, recommends that the appropriate discipline is a public reprimand, two years of supervised probation, and payment of $900 in costs pursuant to Rule 24, RLPR.

The court has independently reviewed the file and approves the recommended disposition.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that respondent David G. DeSmidt is publicly reprimanded and placed on probation for a period of two years, subject to the following terms and conditions:

a. Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation. Respondent shall promptly respond to the Director's correspondence by its due date. Respondent shall provide the Director with a current mailing address and shall immediately notify the Director of any change of address. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify respondent's compliance with the terms of this probation.

b. Respondent shall abide by the Minnesota Rules of Professional Conduct.

c. Respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director to monitor compliance with the terms of this probation. Within two weeks from the date of filing of this order, respondent shall provide the Director with the names of four attorneys who have agreed to be nominated as respondent's supervisor. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director shall seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, respondent shall on the first day of each month provide the Director with an inventory of client files as described in paragraph

d below. Respondent shall make active client files available to the Director upon request.

d. Respondent shall cooperate fully with the supervisor's efforts to monitor compliance with this probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Respondent shall submit to the supervisor an inventory of all active client files by the first day of each month during the probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as the Director may reasonably request.

e. Respondent shall initiate and maintain office procedures that ensure that there are prompt responses to correspondence, telephone calls, and other important communications from clients, courts, and other persons interested in matters that respondent is handling, and that will ensure that respondent regularly reviews each and every file and completes legal matters on a timely basis.

f. The parties have represented to the court that respondent currently practices law only as a public defender and does not engage in the private practice of law. If respondent undertakes to represent private clients outside the scope of his position with the public defender's office, respondent shall maintain law office and trust account books and records in compliance with Rule 1.15 and Appendix 1 to the Minnesota Rules of Professional Conduct. These books and records include client subsidiary ledger, checkbook register, monthly trial balances, monthly trust account reconcil-

iation, bank statements, canceled checks, duplicate deposit slips, and bank reports of interest, service charges, and interest payments to the Lawyer Trust Account Board. Such books and records shall be made available to the Director within 30 days of respondent's initiation of representation of any private client and thereafter shall be made available to the Director at such intervals as the Director deems necessary to determine compliance. Respondent shall use written retainer agreements where required by Minn. R. Prof. Conduct 1.5.

IT IS FURTHER ORDERED that respondent shall pay $900 in costs, pursuant to Rule 24, RLPR.

BY THE COURT:

/s/ Alan C. Page
Associate Justice